**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DONALD ARTHUR COMEAU,**
**as Personal Representative of the Estate of**
**Muriel Edna Diluzio Comeau,**

              **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　Case No. 6:09-cv-1907-Orl-28KRS

**VOLUSIA COUNTY, MARILYN**
**CHANDLER-FORD, in her supervisory**
**capacity, PRISON HEALTH SERVICES,**
**INC.,**

              **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. No. 35)**
>
> **FILED:**　**August 27, 2010**

    Plaintiff Donald Arthur Comeau seeks leave to file a third amended complaint "to drop his claims against Defendants under 42 U.S.C. § 1983 for violations of Muriel Comeau's civil rights under the Fourteenth Amendment to the United States Constitution." Doc. No. 35 at 1. Defendants do not oppose the motion.

A motion to dismiss causes of action in a multi-count complaint is properly brought as a motion for leave to amend under Fed. R. Civ. P. 15. *See Salav v. Boyland Auto Orlando, LLC*, No. 6:07-cv-1892-Orl-19GJK, 2008 WL 254127, at *2 (M.D. Fla. Jan. 29, 2008). The Court may, however, simply dismiss the causes of action being withdrawn without requiring the filing of another complaint. *See id.*

In this case three complaints have already been filed, and Defendants have filed answers and affirmative defenses. Permitting the filing of a third amended complaint would unduly complicate the case. Accordingly, I respectfully recommend that the Court **GRANT** the motion in part and **DISMISS** Counts II and V of the Second Amended Complaint, Doc. No. 26.

The present case was removed to this Court based on federal question jurisdiction arising under the § 1983 causes of action. The only remaining causes of action after the § 1983 counts are dismissed arise under state law. The Court may, therefore, decline to exercise supplemental jurisdiction over these state law causes of action. *See* 28 U.S.C. § 1367(c)(3). The United States Supreme Court has counseled that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). However, "[w]here § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997). Therefore, I further recommend that the Court **CONSIDER** whether to decline to exercise supplemental jurisdiction over the state law causes of action. The parties should address the factors regarding whether or not to decline to exercise

supplemental jurisdiction in memoranda of law filed within the time permitted to object to this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 27, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy